### THE THOMAS W. RODGERS.

(District Court, E. D. New York. June 19, 1912.)

MARITIME LIENS (§ 29*)—REPAIRS—AUTHORITY OF PERSON CONTRACTING.

One making repairs on a vessel on its credit at the instance of a person ostensibly the owner, and who was in possession under a contract which was in effect one of conditional sale, is entitled to a maritime lien therefor, and especially where the vendor, who retook possession on the bankruptcy of the purchaser or lessee, had knowledge through an agent that the work was being done, and made no objection.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 48; Dec. Dig. § 29.*

Creation of maritime liens by transactions with persons other than owner, charterer, or master of vessel, see note to The F. A. Kilburn, 103 C. C. A. 255.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. Suit by the John W. Sullivan Company against the steamtug Thomas W. Rodgers. Decree for libelant.

Alexander & Ash, for libelant.

James J. Macklin, for claimant.

CHATFIELD, District Judge. The court sees no reason why the libelant should not have a decree. The boat was transferred under an instrument purporting to be a charter or lease, but in reality differing from a conditional bill of sale only in name. This instrument of itself, coupled with the delivery of the boat, would have been sufficient to have given the lessee in possession authority to bind the boat for repairs and supplies under such circumstances as the owner might have done. But further notice of the work being done was given to the claimant's representatives, who certainly had sufficient authority to bind him to the extent of putting him on notice, if he did not intend to allow the credit of the boat to be used for the purpose of these repairs. The subsequent bankruptcy of the lessee or charterer, and a proof of claim in bankruptcy by the claimant in this action, in which the amount of these repairs are set forth, does not necessarily estop the claimant in admiralty, but is further evidence that he had notice, and did not see fit to act for his own protection.

The passage of Act Cong. June 23, 1910, c. 373, 36 Stat. 604 (U. S. Comp. St. Supp. 1911, p. 1191), states definitely the same doctrine on this point as had been established by decisions prior thereto, and makes it apparent that the portion of the repairs rendered since the date that the law went into effect were furnished upon the order of a person authorized by the owner, and created a maritime lien. The repairs before that date (under the authority of The George Farwell, 103 Fed. 882, 43 C. C. A. 373, and The Iris [D. C.] 88 Fed. 902, affirmed 100 Fed. 104, 40 C. C. A. 301) were the proper subject of a lien against the boat, and the suggestion that an examination of the records in the customs house might have disclosed a doubt as to the right of the person in possession to order such repairs on the credit of the boat does not defeat the actual proof that the credit was given to the boat by direction of the person ostensibly in a position to give those orders, and that the conduct of the claimant was such that the person giving the orders was at least, with the consent of the claimant, authorized to bind her for repairs, so that a maritime lien might accrue.

No evidence has been offered to question the propriety of the bills nor of the repairs themselves, and the charges therefor. They constituted an account stated as to the Water Front Improvement Company, which was the corporation ordering the repairs, and by whose direction credit was given to the boat, and, under the circumstances, furnish prima facie proof of the correctness of the amount claimed.